# RETAIL INSTALLMENT CONTRACT - SIMPLE FINANCE CHARGE
(WITH ARBITRATION PROVISION)

Dealer Number ____  Contract Number ____

**Buyer Name and Address** (Including County and Zip Code)
SHAWN N HOFFMAN
105 N PINE ST
MOUNT PROSPECT IL 60056
COOK

**Co-Buyer Name and Address** (Including County and Zip Code)
N/A

**Seller - Creditor** (Name and Address)
KINGDOM CHEVROLET INC
6603 S WESTERN AVE
CHICAGO IL 60636

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit for the deferred payment price under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. If any amount remains unpaid fifteen days after the final payment due date, we will assess finance charges on the unpaid balance at the Annual Percentage Rate shown in the Truth-in-Lending Disclosures. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2014 | CHEVROLET TRAVERSE | 57596 | 1GNKVGKDXEJ128113 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural  N/A |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 200.00 |
|---|---|---|---|---|
| 9.99 % | $ 8898.32 | $ 26278.00 | $ 35176.32 | $ 35376.32 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 488.56 | Monthly beginning 08/09/2016 |
| N/A | N/A | N/A |

Or As Follows: N/A    DCN: P1443633    ACCT#: 1101808126

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $10 or 5% of the part of the payment that is late, whichever is greater.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about non-payment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED
1. Cash Price (including $ 1987.77 sales tax) ........ $ 26087.73
2. Total Downpayment =
   Trade-In 1994 PLYMOUTH VOYAGER (Year) (Make) (Model)
   Gross Trade-In Allowance ............. $ 200.00
   Less Pay Off Made By Seller .......... $ N/A
   Equals Net Trade In .................. $ 200.00
   + Cash ............................... $ N/A
   + Other N/A .......................... $ N/A
   (If total downpayment is negative, enter "0" and see 4K below) ... $ 200.00
3. Unpaid Balance of Cash Price (1 minus 2) ........ $ 25887.73
4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A Cost of Optional Credit Insurance Paid to Insurance Company or Companies
      Life ............ $ N/A Term N/A
      Disability ...... $ N/A Term N/A ............ $ N/A
   B Vendor's Single Interest Insurance Paid to Insurance Company ............ $ N/A
   C Other Optional Insurance Paid to Insurance Company or Companies ............ $ N/A
   D Optional Gap Contract ............ $ N/A
   E Official Fees Paid to Government Agencies
      to N/A      for N/A ............ $ N/A
      to N/A      for N/A ............ $ N/A
      to N/A      for N/A ............ $ N/A
   F Government Taxes Not Included in Cash Price ............ $ N/A
   G Government License and/or Registration Fees
      LIC FEE ............ $ 101.00
   H Optional ERT Fee Paid To CVR/SELLER ............ $ 25.00
   I Government Certificate of Title Fees ............ $ 95.00
   J To Seller for Documentary Fee ............ $ 169.27
      DOCUMENTARY FEE. A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 2008, WAS $150. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $150 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.
   K Other Charges (Seller must identify who is paid and describe purpose)
      to N/A  for Prior Credit or Lease Balance  $ N/A
      to N/A  for N/A                             $ N/A
      to N/A  for N/A                             $ N/A
      to N/A  for N/A                             $ N/A
      to N/A  for N/A                             $ N/A
      to N/A  for N/A                             $ N/A
      to N/A  for N/A                             $ N/A
      to N/A  for N/A                             $ N/A
      to N/A  for N/A                             $ N/A
   Total Other Charges and Amounts Paid to Others on Your Behalf ........ $ 390.27
5. Amount Financed (3 + 4) ............ $ 26278.00

### INSURANCE
**YOU MAY BUY THE PHYSICAL DAMAGE INSURANCE THIS CONTRACT REQUIRES (SEE BACK) FROM ANYONE YOU CHOOSE WHO IS ACCEPTABLE TO US.**
You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.
If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
**Optional Credit Insurance**
☐ Credit Life:  ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name N/A
Home Office Address N/A

CREDIT LIFE INSURANCE AND CREDIT DISABILITY INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**
☐ N/A    N/A
Type of Insurance    Term
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A
☐ N/A    N/A
Type of Insurance    Term
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the optional credit insurance and the other insurance checked above.

X N/A _____ N/A
Buyer Signature                Date

X N/A _____ N/A
Co-Buyer Signature             Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

You understand that Seller or its affiliates, or any holder of the contract or its affiliates, may receive consideration or something of value in connection with the sale of insurance purchased with this retail installment contract.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance). If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ N/A as also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Returned Check Charge:** If any check or other draft you give us is dishonored, you will pay us a charge of $25 or, at our option, an amount in excess of $25 for our costs and expenses, including reasonable attorney's fees incurred in collection of the check or draft. We will make written demand on you if we elect to pursue a nonlitigated collection action against you for our costs and expenses in excess of $25.

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A, Year N/A SELLER'S INITIALS N/A

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business use.
If a payment is not received in full within ____ N/A days after it is due, you will pay a late charge of $ N/A ____ N/A or the part of the payment that is late, whichever is less.
If this box is not checked, the late charge in the "Federal Truth-in-Lending Disclosures" still applies.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _[signature]_          Co-Buyer Signs X N/A

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.
Term ____ N/A Mos.    $ N/A    Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X N/A

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.    Buyer Signs X _[signature]_    Co-Buyer Signs X N/A
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

### Notice to the buyer.
1. Do not sign this agreement before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the agreement you sign. 3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

**RETAIL INSTALLMENT CONTRACT**
Buyer Signs X _[signature]_     Date 06/25/16
Co-Buyer Signs X N/A            Date N/A

Co-Buyer A co-buyer is a person who agrees to be primarily responsible for paying the entire debt and who (1) actually receives the vehicle or (2) is a parent or spouse of the buyer, or (3) will be listed as an owner of the vehicle's title. By signing above, the co-buyer confirms that the co-buyer will actually receive possession of the vehicle or will use it, or that the co-buyer is a parent or spouse of the buyer, or will be listed as an owner on the vehicle's title.

Guarantor A guarantor is a person who may be responsible for paying the entire debt if we cannot collect the amount owed from the buyer and any co-buyer.
Guarantor Signs X N/A    Date N/A    Address N/A
I hereby guarantee the collection of the above described amount upon failure of the seller named herein to collect said amount from the buyer named herein. I also consent to the Creditor having a security interest in the vehicle.

Other Owners An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this Contract.
Other Owner Signs X N/A    Date N/A    Address N/A

Seller signs KINGDOM CHEVROLET INC    By X _[signature]_    Title F&I MANAGER
**NO PUBLIC LIABILITY INSURANCE ISSUED WITH THIS TRANSACTION**

Seller assigns its interest in this contract to TD AUTO FINANCE LLC    (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse    ☐ Assigned without recourse    ☐ Assigned with limited recourse
KINGDOM CHEVROLET INC
Seller    By _[signature]_    Title F&I MANAGER

LAW FORM NO. 553-IL-ARB 9/14

ORIGINAL LIENHOLDER


EXHIBIT A

**OTHER IMPORTANT AGREEMENTS**

**1. FINANCE CHARGE AND PAYMENTS**

  a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
  Fifteen days after the final installment is due as originally scheduled or deferred, we will compute and charge interest on any balance remaining unpaid, including any unpaid default charges or deferment charges, at the Annual Percentage Rate shown on the front of this contract.

  b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

  c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

  d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**2. YOUR OTHER PROMISES TO US**

  a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

  b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

  c. **Security Interest.**
  You give us a security interest in:
  - The vehicle and all parts or goods put on it;
  - All money or goods received (proceeds) for the vehicle;
  - All insurance, maintenance, service, or other contracts we finance for you; and
  - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

  This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

  d. **Insurance you must have on the vehicle.**
  You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
  Unless you provide us, with evidence of the insurance coverage required by this contract, we may buy insurance at your expense to protect our interests in the vehicle. This insurance may, but need not, protect your interests. The coverage that we buy may not pay any claim that you make or any claim that is made against you in connection with the vehicle. You may later cancel any insurance we buy, but only after providing us with evidence that you have obtained insurance as required by this contract. If we buy insurance for the vehicle, you will be responsible for the costs of that insurance, including finance charges and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. We may add the costs of the insurance to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.
  If we buy insurance, the charge will be the premium of the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract, or at our option, the rate we are charging when we buy the insurance.

  e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

  a. You may pay late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that we may keep making late payments. If you pay late, we may also take the steps described below.

  b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once subject to any right the law gives you to reinstate this contract. Default means:
  - You do not pay any payment on time;
  - You give false, incomplete, or misleading information on a credit application;
  - You start a proceeding in bankruptcy or one is started against you, or your property; or
  - You break any agreements in this contract.
  The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and other amounts due because you defaulted.

  c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay our reasonable attorney's fee as the law allows. If a judgment is entered against you, you will pay any court costs the court awards us.

  d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

  e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, in many situations, the law gives you the right to pay to get it back. We will tell you what you have to do to get the vehicle back.

  f. **We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
  We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

  g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide or which state law requires the seller to provide.

**5. Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**6. SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**7. APPLICABLE LAW**
Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

---

NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM: (1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, ON YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY. (2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN, YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district in which this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Form No. 553-IL-ARB 9/14

# STATE OF ILLINOIS
## CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1GNKVGKDXEJ128113 | 2014 | CHEVROLET | TRAVERSE | UTILITY | 16195696289 |

1GNKVGKDXEJ128113

| DATE ISSUED | ODOMETER | CCM | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|---|
| 07/13/16 | 57596 | | | 06/25/16 USED | ORIGINAL |

57596

MAILING ADDRESS

LEGEND(S)

ACTUAL MILEAGE

TD AUTO FINANCE LLC
PO BOX 997551
SACRAMENTO CA 95899-7551

OWNER(S) NAME AND ADDRESS
SHAWN M HOFFMANN
105 N PINE ST
MOUNT PROSPECT IL 60056

FIRST LIENHOLDER NAME AND ADDRESS
TD AUTO FINANCE LLC
PO BOX 997551
SACRAMENTO CA 95899-7551

SECOND LIENHOLDER NAME AND ADDRESS

RELEASE OF LIEN
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

Firm Name _____ By _____ Signature of Authorized Agent _____ Date _____
Firm Name _____ By _____ Signature of Authorized Agent _____ Date _____

NEW LIEN ASSIGNMENT: The information below must be on an application for title and presented to the Secretary of State.
Secured Party: _____ Address: _____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

### ASSIGNMENT OF TITLE
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

▶ ODOMETER READING [NO TENTHS]
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

Signature(s) of Seller(s) _____
Printed Name(s) of Seller(s) _____ DATE OF SALE _____
I am aware of the above odometer certification made by seller.
Signature(s) of Buyer(s) _____ Printed Name _____

I Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO.   M6249979

*Jesse White*
JESSE WHITE, Secretary of State

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**

---

MUST BE COMPLETED BY SELLER

DO NOT DETACH UNTIL SOLD
NOTICE OF SALE

SEE INSTRUCTIONS ON REVERSE

| CHEVROLET | 2014 | | 1GNKVGKDXEJ128113 | |
|---|---|---|---|---|
| Vehicle Make | Vehicle Year | | Vehicle Identification Number (VIN) | Date |

Name of Seller (Current Registered Owner) _____ Name of Buyer _____

Complete Address of Seller _____ Complete Address of Buyer _____

City _____ State _____ ZIP _____ City _____ State _____

Under penalties of perjury, I hereby certify that the foregoing is true and correct under the laws of the United States.

Seller's Signature _____ Printed Name of Seller _____

**EXHIBIT B**

**FIRST REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING | NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale | Dealer's Name | Dealer No.

Agent's Signature | Printed Name (same as signature)
I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent | Printed Name (same as signature)

**SECOND REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING | NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale | Dealer's Name | Dealer No.

Agent's Signature | Printed Name (same as signature)
I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent | Printed Name (same as signature)

**THIRD REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING | NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale | Dealer's Name | Dealer No.

Agent's Signature | Printed Name (same as signature)
I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent | Printed Name (same as signature)

**FOURTH REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING | NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale | Dealer's Name | Dealer No.

Agent's Signature | Printed Name (same as signature)
I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent | Printed Name (same as signature)

**LAST REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING | NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale | Dealer's Name | Dealer No.

Agent's Signature | Printed Name (same as signature)
I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent | Printed Name (same as signature)

VSD 40.24

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**

## NOTICE OF SALE INSTRUCTIONS

When a vehicle owner sells and/or releases interest in a vehicle that is titled in the State of Illinois, this form must be completed immediately and mailed to the Illinois Secretary of State, Vehicle Services Department, Record Inquiry Division, 501 S. Second St., Rm. 408, Springfield, IL 62756, to ensure that your responsibility for the vehicle is released.

Completion of this form **does not satisfy the transfer of ownership requirements** as set forth in the Illinois Compiled Statutes. Illinois law requires the owner of a vehicle to complete and sign the Assignment of Title section on the Certificate of Title to the buyer who must apply to the Vehicle Services Department for a Certificate of Title.

Printed by authority of the State of Illinois VSD 40.24